PEOPLE ex rel. S. COHN & CO. v. MILLER, Comptroller.

(Supreme Court, Appellate Division, Third Department. May 25. 1904.)

1. TAXATION—CORPORATIONS—CAPITAL STOCK—ASSESSMENT.
　　Where, four months previous to the assessment of the property of a corporation, it had issued capital stock for which it received a certain sum equal to the par value, and its president swore that he knew of no losses that had been incurred, its assets were properly held equal to the sum received.

2. SAME—STOCK OUTSIDE THE STATE.
　　Where it appeared that a certain amount of the stock of a corporation was outside the state for sale, but not how much was without the state which was never returned thereto, it was proper to refuse to deduct from the assessment any part of the amount claimed as without the state.

3. SAME—LIABILITY TO STOCKHOLDERS.
　　Where two-thirds of the stock of a corporation was preferred stock, receiving 6 per cent. accumulating dividends, and no more, and the par value was to be repaid at a certain date, this was not a liability which the corporation was entitled to have deducted from its assets in determining the amount subject to taxation.

4. SAME—CORPORATION ORGANIZED WITHIN YEAR.
　　Where a corporation was not organized till within the year prior to the statement of a tax, it should be assessed only for the proportionate part of the time during which it was in existence and doing business.

Certiorari by the people, on the relation of S. Cohn & Co., a corporation, against Nathan L. Miller, Comptroller, to review a determination on the assessment of relator's tax for the year 1902. Modified and affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Eugene G. Kremer, for relator.

John Cunneen, Atty. Gen. (William H. Wood, of counsel), for the People.

¶ 4. See Corporations, vol. 45, Cent. Dig. § 208.

SMITH, J.   The relator is a domestic corporation, not having de-clared a dividend prior to the statement of the tax by the Comptroller. Under section 182 of the Tax Law (chapter 908, p. 856, Laws 1896), therefore, the relator must be assessed at the rate of 1½ mills upon each dollar of the appraised capital employed within the state.   It ap-pears that, four months prior to this statement of the tax, capital stock had been issued for $150,000, which sum was received therefor by the corporation.   The president of the corporation swore that he knew of no losses that had been incurred by the corporation within that time.   The Comptroller, therefore, rightfully held the assets of the corporation to be of that amount at the time of the statement of the tax.

In the petition for the rehearing the relator states that at all times there was of the capital stock of the corporation outside of the state of New York the amount of $25,000.   Upon the hearing the president testified that there was an average at all times of stock without the state of New York to the amount of $75,000.   Some of that stock is without the state of New York upon memorandum, so called; that is, it is left with dealers to sell, and, if not sold, it is returned to the relator.   The balance of the stock outside of the state of New York is given to agents to sell in different parts of the country, and while probably the major part of the stock is sold, still, if any of it be not sold, it naturally finds its way back to the state of New York.   That part of the stock which is temporarily placed without the state for sale which eventually finds its way back to the state of New York is probably taxable, within the case of People ex rel. N. Y. C. & H. R. R. Co. v. Knight, 173 N. Y. 255, 65 N. E. 1102.   Of the average amount of stock as testified to as without the state of New York, it does not appear how much thereof was without the state of New York which was never returned thereto.   If the court should be of opinion, therefore, that such average amount as was not returned to the state was not capital employed within the state so as to be subject to taxation, the relator has not furnished any basis upon which that amount could be computed, and the Comptroller was therefore right in refusing to deduct from the sum of $150,000 any part of the amount claimed as without the state.

The relator further claims that there should be deducted from the gross amount of the assets the sum of $100,000 as a liability for capi-tal stock.   The company was capitalized at $150,000, of which $100,-000 was made preferred stock, receiving 6 per cent. accumulating dividends, and no more.   The par value of this stock was to be repaid in 1912.   The other $50,000 was common stock.   It is claimed that, in-asmuch as this $100,000 was to be paid absolutely at a date fixed, it is a liability which may be deducted from the assets in determining the amount of capital subject to taxation.   While this corporation might have made this a liability which could be deducted from the sum of the assets in determining the tax, it has chosen to make it capital stock, and so denominated it.   If $100,000 of the $150,000 in capital stock could thus escape taxation by reason of an obligation to return the same at a given time, I cannot see why the full $150,000 may not be made a liability in the same way and thus escape taxation.   Whether

or not this be deemed a legal liability of the corporation, a liability to repay contributors to capital stock is not, in my judgment, such a liability as the law contemplates should be deducted from the assets of the corporation in order to ascertain the ultimate amount subject to taxation.

We have held, however, where a corporation was not organized until within the year prior to the statement of the tax, that the tax should be assessed for only a proportionate part of the time during which the corporation has been in existence and doing business.  See People ex rel. Fort George Realty Co. v. Miller, 90 App. Div. 588, 86 N. Y. Supp. 420; People ex rel. Hans Rees' Sons v. Miller (Sup.) 86 N. Y. Supp. 198.  On October 31, 1902, this corporation had been doing business for about four months.  The tax which should have been properly assessed, therefore, should be one-third of 1½ mills upon $150,000.

The determination of the Comptroller modified, and, as modified, affirmed, without costs to either party.  All concur.